OPINION OF THE COURT
Arthur S. Kirsch, J.
This motion, basically involving the application of CPLR 5222 (subd [d]) presents a novel question of law. It appears that this is the first instance in which this recent amendment to CPLR 5222 has been presented for judicial determination. The complexities surrounding the amendment (and others enacted at the same time) are stated in Professor Siegel’s commentaries to the CPLR wherein he indicates “[tjhese amendments are ambiguous at best, but they do appear to be a well-intentioned if not talented effort to meet constitutional objections” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, Pocket Part 1982-1983, CPLR C5222:11, p 38).
The basic facts are as follows:
Plaintiff, Renee Banks, a judgment debtor, had a restraining notice served upon her bank by codefendant, Joel Leef, an attorney, in connection with the judgment entered against her. However, Leef failed to serve a copy of the restraining notice upon plaintiff within four days thereafter pursuant to CPLR 5222 (subd [d]). Subsequently, plaintiff received a letter from the bank informing her that a *1084 restraining notice had been served and the money in her account was being held. Apparently, she then contacted the office of defendant Leef (who was identified on the letter from the bank as the attorney for codefendant Abraham and Straus) and advised the individual with whom she spoke that she was not working and had no money to pay the judgment. At that time, she did not indicate that the money in the account was “exempt” from restraint under applicable statutes. (It appears likely that the plaintiff was not familiar with the concept of “exempt” funds.) Approximately four days later, the plaintiff contacted an attorney who, in turn, contacted defendant Leef in regard to the restraining notice. Plaintiff’s attorney advised defendant’s office that he had failed to send a copy of the restraining notice to the plaintiff pursuant to the amendment adding subdivision (d) to CPLR 5222 in 1982, and that the “frozen” bank funds were, in fact, exempt. Despite this, plaintiff contends that defendant’s office failed to take any positive action and, in fact, nothing was done until March 22, 1983, at which time an order to show cause to vacate the restraining notice was secured by plaintiff’s attorneys, returnable before a Judge of the Civil Court. On the return date of the motion, plaintiff’s attorney received a copy of a letter from defendant’s office dated the day before authorizing the bank to release the money in plaintiff’s account.
As a result of the afore-mentioned, plaintiff commenced an action against defendant Leef, individually, and in his capacity as an officer of the courts of the State of New York, and Abraham and Straus. Four causes of action were stated. The first cause of action was for a violation of CPLR 5222 for failing to serve the requisite notice upon plaintiff. The second cause of action was for a violation of the same section, plus subdivision 2 of section 595 of the Labor Law, which exempted the bank funds. The third cause of action was for abuse of process by defendant Leef acting on behalf of defendant Abraham and Straus. The fourth and last cause of action was for a violation of section 1983 of title 42 of the United States Code which provides relief against any person who “under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory”, subjects *1085 any person “to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws”.
Defendant Leef now moves this court for an order dismissing all of plaintiff’s causes of action pursuant to CPLR 3211 (subd [a], par 7) on the basic ground “that actions in tort are not stated”. Defendant Leef concedes that the notice required to be given to the judgment debtor in regard to • the service of the restraining notice upon the bank was not served. However, he argues that, in effect, plaintiff was not damaged, since the restraining order was voluntarily removed within 10 days, and under any circumstances, based upon a practical “timetable” delineating plaintiff’s remedies if a notice were served, a period of more than 10 days would surely have elapsed before plaintiff could have received any judicial relief. Defendant thus asks this court to ignore the failure to properly follow the relevant statute and to dismiss the complaint based upon the fact that plaintiff did not sustain any damages as a result of his failure to comply with the statute.
As has been indicated, the motion by defendant seeks to dismiss all of plaintiff’s causes of action. At this stage in the proceedings, the court is not concerned and cannot determine whether or not plaintiff actually sustained damages either of a minor or major nature. The sole question involves whether or not plaintiff has properly pleaded viable causes of action. It is significant the defendant has not moved to dismiss one or more individual causes of action, since the law in this area provides that where a motion to dismiss is addressed to the complaint as a whole rather than to individual causes of action “dismissal is proper only where none of the causes of action is valid” (Wright v County of Nassau, 81 AD2d 864, 865).
In reviewing plaintiff’s four causes of action, it would appear that at least three of the causes of action present questions to be litigated. As stated in Gabrielle v Craft (75 AD2d 939, 940) “It is well established that on a motion pursuant to CPLR 3211 (subd [a], par 7), the question presented is whether a cause of action has been stated, not whether the cause of action can be proved”. The issues of damages, as well as proof, are not before the court at this time and if it is proven that there was in fact a violation of *1086 common and/or statutory law, then plaintiff has stated a cause of action and, in that regard, it would be premature to dismiss her entire complaint at this time. The fact that the plaintiff may ultimately be entitled to only nominal damages on all or any one cause of action (and this court makes no decision on this question at this time) in and of itself does not serve to provide grounds for dismissing otherwise properly stated causes of action at this stage.
Accordingly, defendant’s motion to dismiss all of plaintiff’s causes of action pursuant to CPLR 3211 (subd [a], par 7) is hereby denied.